# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| EVERETT HENDERSON, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 5:09-CV-85 (CAR) |
| : | |
| FEDEX EXPRESS, : | |
| : | |
| Defendant. : | |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Currently before the Court is Plaintiff's Motion for Reconsideration of Summary Judgment [Doc. 56]. In his motion, Plaintiff contends that reconsideration is appropriate because the Court incorrectly considered a videotape as summary judgment evidence and because the Court misapplied the correct standard of law for a Title VII retaliation claim. Having considered the parties' briefs and the relevant case law, the Court concludes that the Plaintiff has not demonstrated that the Court committed clear legal error. Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

"Motions for reconsideration should be granted only if: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice." Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005). In his motion, Plaintiff does not contend that there has been an intervening change in controlling law, nor does he present newly discovered evidence. Although not clearly denominated as a claim that the Court committed clear legal error, Plaintiff's motion is best understood as contending that the Court clearly erred in considering a videotape as summary judgment evidence and by misapplying the Title VII retaliation standard. The Court finds

neither contention persuasive.

Plaintiff has failed to establish that the Court committed clear error by considering a videotape consisting of inadmissible hearsay. Plaintiff contends that the videotape is hearsay because it is an out of court statement that the Plaintiff did not clock in on time and induced a co-worker to punch in for him and that it is offered for the truth of the matter asserted. That is not the case. The Court considered the deposition statements of several FedEx personnel that they installed a surveillance camera and that they observed the Plaintiff not clocking in that morning, another employee, Barnes, clocking in at 6:41 a.m., and Barnes returning to the time clock at 7:14 a.m., which was later shown to be the clock-in time on the Plaintiff's signed time card. None of these statements are hearsay. They all represent the personal observations of the deposition witnesses. And those non-hearsay statements were offered to prove the defendant's legitimate non-discriminatory reason for firing the Plaintiff – its belief that he had intentionally falsified a company record. See Damon v. Fleming Supermarkets of Fl., Inc., 196 F.3d 1354, 1363 n.3 (11th Cir. 1999) ("An employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct."). Plaintiff claims that the tape was considered as dispositive proof of falsification. The tape simply was not considered for that purpose. The tape need not stand for any more than proof of the defendant's mind set and motivation in terminating the defendant, not definitive proof of falsification.

Plaintiff has also failed to demonstrate that the Court committed clear error by misapplying the Title VII retaliation standard. Plaintiff contends that the Court incorrectly ruled that a three month time span between protected activity and termination was sufficient to demonstrate that Plaintiff's termination was not related to his protected activity. Again, this mischaracterizes the Court's ruling. The Court noted that there was no evidence that any decision maker was aware of

the Plaintiff's recent interviews with Human Resources.  See Brungart v. BellSouth Telecomms, Inc., 231 F.3d 791, 799 (11th Cir. 2000) ("A decision maker cannot have been motivated to retaliate by something unknown to him.").  The Court also noted that a six month time gap between earlier protected conduct and the alleged retaliation was insufficient to establish causation.  See Webb-Edwards v. Orange County Sheriff's Office, 525 F.3d 1013, 1029 (11th Cir. 2008) (finding six month delay between protected activity and alleged retaliation too long to establish causal connection).  Thus, the Plaintiff has failed to establish that the Court clearly erred in determining that the Plaintiff had not established the necessary causal connection.  The Court also considered Plaintiff's misconduct as having broken any possible causal chain.  Whether considered as relevant to the prima facie case or even assuming the Plaintiff established a prima facie case of retaliation, the result remains the same, the Plaintiff's claim fails.  The Defendant proffered a legitimate, non-retaliatory reason for discharging the Plaintiff – his intentional falsification of company records.  Just as with his discrimination claim, Plaintiff failed to establish that reason was pretext for illegal retaliation.

The Plaintiff has failed to establish that the Court committed clear legal error or that reconsideration of its previous order is necessary to prevent manifest injustice.  Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

SO ORDERED this 20th day of October, 2010.

            S/ C. Ashley Royal
            C. ASHLEY ROYAL, JUDGE
            UNITED STATES DISTRICT COURT

bcw